UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VINCENT J. SMITHSON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 07-3953 |
| | * | |
| TENET HEALTH SYSTEM HOSPITALS, INC. | * | JUDGE SARA S. VANCE |
| D/B/A NORTHSHORE REGIONAL MEDICAL | * | |
| CENTER, NORTHSHORE REGIONAL MEDICAL | * | MAG. ROBY |
| CENTER, INC., D/B/A NORTHSHORE REGIONAL | * | |
| MEDICAL CENTER, AND NORTHSHORE | * | |
| REGIONAL MEDICAL CENTER, LLC,  D/B/A | * | |
| NORTHSHORE REGIONAL MEDICAL CENTER | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SET EXPERT WITNESS FEE OR, IN THE ALTERNATIVE, TO STRIKE EXPERT WITNESS

**NOW INTO COURT**, though undersigned Counsel, come Defendants Tenet HealthSystem Hospitals, Inc., NorthShore Regional Medical Center, Inc., d/b/a NorthShore Regional Medical Center, and NorthShore Regional Medical Center, LLC, d/b/a NorthShore Regional Medical Center, for the purpose of filing this, their Memorandum of Law in Support of Defendants' Motion To Set Expert Witness Fee Or, in the Alternative, to Strike Expert Witness and, in support thereof, show as follows:

### *Statement of the Facts*

Plaintiff in the above-referenced action has designated Richard Bucci, MD (an

emergency medicine physician) to testify as an expert on behalf of the Plaintiff in this matter. In accordance with the mandatory pretrial disclosure requirements of the Federal Rules of Civil Procedure, Plaintiff produced to Defendant the attached report issued by Dr. Bucci (Exhibit "A" hereto) and the attached curriculum vitae of Dr. Bucci (Exhibit "B" hereto). Counsel for Defendants thereafter asked Plaintiff to make Dr. Bucci available for deposition and Counsel for Plaintiff arranged for Dr. Bucci to be available for deposition on Monday, July 21, 2008, in Mobile, Alabama. Counsel for Plaintiff also, however, informed Counsel for Defendant Dr. Bucci's professional fee for sitting for a deposition is five hundred dollars ($500.00) an hour and that Dr. Bucci charges a minimum of four hours for his appearance at deposition, or a flat fee of two thousand dollars ($2000.00), no matter how long the deposition lasts. Defendants desire to take the deposition of Dr. Bucci prior to the trial of this matter but Dr. Bucci has indicated he will not sit for deposition unless the Defendant's tender a non-refundable two thousand dollar ($2000.00) fee to Dr. Bucci in advance of the deposition. Counsel for Defendants does not anticipate this deposition will take in excess of an hour to an hour and a half and has offered to tender to Dr. Bucci a fee for two hours of his time, or one thousand dollars ($1000.00), in advance of his deposition and promised to pay Dr. Bucci for any time in excess of that two hours in the unlikely event the deo goes over two hours. Counsel for Plaintiff and Dr. Bucci have both refused that offer.

Because trial in this matter is scheduled to begin in less than two weeks, Counsel for the parties convened for the deposition of Dr. Bucci on Monday, July 21, 2008, despite the fact the parties had not resolved the issue of the amount Dr. Bucci would be paid for his deposition testimony. After conducting a *proces verbal* but prior to adjourning the

deposition, counsel for Defendants even offered to tender to the witness the one thousand dollar deposition fee, proceed with Dr. Bucci's deposition, file this motion to set the witness' fee, then tender to the witness any amount in excess of the one thousand dollars the Court felt the witness was reasonably entitled to receive for his deposition testimony. Despite the parties having cleared the time on their schedule to conduct the deposition and having traveled over a hundred miles for the deposition, Counsel for the Plaintiff and the witness declined that offer, as well. Defendants have made every effort to conduct the deposition of Dr. Bucci with as little imposition on the witness and the parties as possible. Counsel for Plaintiff and Dr. Bucci, however, have rebuffed those attempts and Defendants are now required to request the intervention of this Honorable Court less than two weeks from trial.

### Statement of Law and Discussion of Supporting Authority

Fed. R. Civ. P. 26(b)(4) provides as follows:

Trial Preparation: Experts.

(A) Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided. [...]

(C) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a **reasonable fee** for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and

(ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

(Emphasis added).

The applicable jurisprudence in the State of Louisiana, as recognized by the United

States District Court for the Eastern District of Louisiana, also dictates the scope of an expert witness fee. In Missouri P. R. Co. v. Nicholson[1], 83CA1060, 83CA1449 (La. App. 1 Cir. 10/9/1984); 460 So. 2d 615, 629, the Louisiana First Circuit Court of Appeal held, "Expert witnesses are entitled only to reasonable compensation." See also, Krotz Springs v. Weinstein[2], No. 8320 (La. App. 3 Cir. 6/301/1981); 401 So. 2d 664, 667 ("Expert witnesses are entitled only to reasonable compensation for their appearance in court and for preparatory work done"), and Mack v. Transport Ins. Co., CA 89 1201 c/w CA 89 1202 (La.App. 1 Cir. 3/5/1991) 577 So. 2d 112, 119 ("Most importantly, expert witnesses are entitled only to reasonable compensation.").

With regard to fixing expert fees and costs, each case turns on its own particular facts and the determination thereof is vested in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. Albin v. Illinois C. G. R. Co., CA 92 1040 (La.App 1 Cir., 10/16/92); 607 So. 2d 844, 845. The Albin Court further explicated the factors which should guide the trial court's determination of a reasonable expert fee:

> Factors to be considered by the trial judge in setting an expert witness fee include **time spent testifying,** time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. [citation omitted] Additional considerations include helpfulness of the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert and

---

[1]The Missouri P. R. Co. decision was followed by the United States District Court for the Eastern District of Louisiana in Illinois Cent. R.R. v. 16.032 Acres of Land in Jefferson Parish, 98-3337 (E.D. La. 2000) 2000 U.S. Dist. LEXIS 3324.

[2]The Krotz Springs decision was also followed by the United States District Court for the Eastern District of Louisiana in Illinois Cent. R.R. v. 16.032 Acres of Land in Jefferson Parish, 98-3337 (E.D. La. 2000) 2000 U.S. Dist. LEXIS 3324.

awards to experts in similar cases.

(Emphasis added.)

In light of the applicable law and jurisprudence holding a factor to be considered in determining whether an expert's professional fee is reasonable is the amount of time the expert actually spends testifying, Dr. Bucci's insistence he be paid for four hours of his time, when the deposition will likely only take an hour to an hour and half is unreasonable. Counsel for Plaintiff and Dr. Bucci have suggested Dr. Bucci must charge a four hour minimum for his deposition because he is required by his employment to reserve half a day for his deposition. Defendants, however, are not responsible for Dr. Bucci's work schedule and Defendants have not required Dr. Bucci to be available for deposition during the daytime when he must take off from his job to attend a deposition. Defendants are ready and willing to pay Dr. Bucci for the time he actually spends testifying in this matter but Dr. Bucci has refused that offer. Defendants respectfully submit the flat fee of two thousand dollars ($2000.00) proposed to be charged by Dr. Bucci for an expert deposition is excessive and, therefore, a reasonable fee should be set by this Honorable Court. Alternatively, should Dr. Bucci continue to refuse to appear for deposition without receiving his two thousand dollar ($2000.00) flat fee for his deposition, Defendants respectfully pray Dr. Bucci be stricken from Plaintiff's witness list and be prohibited from appearing and testifying at the trial of this matter.

## Conclusion

This Honorable Court is authorized to set the fee an expert witness may charge if the Court feels the witness' fee is unreasonable. Dr. Bucci is attempting to require Defendants to pay him for time he will not actually be testifying, which is unreasonable.

Defendants, therefore, respectfully pray their Motion To Set Expert Witness Fee Or, in the Alternative, to Strike Expert Witness, and the material submitted in support thereof be read and considered, and, after due proceedings are had, this Honorable Court set the amount of the fee which may be charged by Plaintiff's expert witness Richard Bucci, MD, or, in the alternative, strike Dr. Bucci from Plaintiff's witness list.

Respectfully submitted,
**BEAHM & GREEN**

_____
Franklin D. Beahm, La. Bar No. 2874
Jacob Best, La. Bar No. 29533
145 Robert E. Lee Boulevard
Suite 408
New Orleans, Louisiana 70124
Tel:   504.288.2000
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 22nd day of July, 2008, filed a true and accurate copy of the foregoing pleading with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will provide notice of the electronic filing to the following:   Sherif K. Sakla, MD, JD, Stephanie C. Reuther, Esq. Additionally, service has been made on Richard Bucci, MD, via overnight delivery to Dr. Bucci.  I further certify I have served a true and accurate copy of the foregoing pleading and notice of electronic filing on all counsel to this matter by mailing same by United States

Mail, properly addressed, and first class postage prepaid.

_____
Jacob Best