UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT J. SMITHSON                        CIVIL ACTION

VERSUS                                     NO. 07-3953

TENET HEALTH SYSTEM                        SECTION "R" (4)
HOSPITALS, INC., ET AL.

### ORDER AND REASONS

Before the Court is defendant's Motion to Stay and Statistically Close Proceedings pending resolution of plaintiff's medical review panel request.  For the following reasons, the Court DENIES defendant's motion.

### I.   BACKGROUND

On August 4, 2005, plaintiff Vincent Smithson suffered an eye injury and sought treatment at Northshore Regional Medical Center.  Plaintiff was transferred to Charity Hospital and eventually lost his eye.  In contemplation of a state law malpractice claim, on October 27, 2006, Smithson filed a request

for the formation of a medical review panel[1] to review the treatment provided to him by both hospitals and their doctors. Defendant Northshore filed a Petition of Prescription in state district court, and the court entered a judgment granting the petition on September 12, 2007. Plaintiff appealed the judgment. On August 4, 2007, plaintiff filed the present action in federal court under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). The case is set for trial on August 4, 2008. On June 6, 2008, the Louisiana First Circuit Court of Appeals overturned the state district court's judgment on the Petition of Prescription, allowing the medical review panel's review of plaintiff's claims to proceed. Defendant Northshore brings the present motion to stay and statistically close these proceedings pending the resolution of plaintiff's medical review panel request.

## II. DISCUSSION

A court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667

---

[1] Under Louisiana law, all malpractice claims must be reviewed by a medical review panel. La. Rev. Stat. 40 § 1299.47.

F.2d 477, 479 (5th Cir. 1982); *Bugay v. McCain,* 2008 WL 2782869 at *1 (E.D. La. 2008).  Defendant asks this court to stay the current proceedings until the completion of the panel's review of plaintiff's malpractice claims so that this lawsuit and plaintiff's potential medical malpractice lawsuit can be combined into one proceeding.  Defendant avers that a stay is necessary to preserve judicial economy and avoid any prejudicial res judicata effects.

The Court finds that a stay is inappropriate.  The Court sees no reason to combine plaintiff's medical malpractice claims under Louisiana law with plaintiff's claims under EMTALA, a federal statute enacted to prevent patient dumping.  EMTALA is not a federal malpractice statute, *Marshall v. East Carroll Parish Hosp'l*, 134 F.3d 319, 322 (5th Cir. 1998), but if the EMTALA and malpractice claims were tried together, a jury could easily confuse these separate causes of action.  Further, trial is imminent, and a stay would delay trial for a lengthy period, as after the medical review panel issued its findings, both parties would have to undertake discovery for plaintiff's malpractice claims.  Since both parties are prepared for trial on the EMTALA cause of action, considerations of judicial economy favor proceeding immediately on this claim.

Additionally, the Court finds that any application of res

judicata will not prejudice the defendant or require this Court's intervention in the future.  Since a judgment by this Court would be based on federal question jurisdiction, Louisiana courts would apply the federal law of res judicata in determining the preclusive effects of the judgment.  *Lycon, Inc. v. Weatherford Artificial Lift Systems*, 827 So.2d 1283, 1285 (La. Ct. App. 2002).  Under the federal doctrine of res judicata, a final judgment on the merits bars further claims by the same parties based on the same cause of action.  *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).  Res judicata would not bar plaintiff's state law malpractice claims, since the claims would be based on a different cause of action.  Further, it is unlikely that collateral estoppel would apply.  Collateral estoppel applies when the second action is based upon a different cause of action, and the judgment in the previous suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.  *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)).  Since EMTALA violations do not involve any determinations of negligence, this Court's judgment on whether Northshore violated EMTALA will have little relevance to a state law malpractice suit premised on negligence.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's Motion to Stay and Statistically Close Proceedings.

New Orleans, Louisiana, this <u>25th</u> day of July, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE