UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT J. SMITHSON                         CIVIL ACTION

VERSUS                                      NO: 07-3953

TENET HEALTHSYSTEM HOSPITALS,               SECTION: R(4)
INC. D/B/A NORTHSHORE
REGIONAL MEDICAL CENTER, ET
AL.

**ORDER AND REASONS**

Before the Court is the defendant's Motion for Reconsideration. For the following reasons, the Court DENIES the motion.

**I.  Background**

In their motion in limine, defendants NorthShore Regional Medical Center, LLC and NorthShore Regional Medical Center, Inc. (the Court refers to defendants collectively as NorthShore) moved the Court to prohibit plaintiff Vincent Smithson from testifying regarding a conversation he overheard between a doctor and his mother on the day he was injured. In his deposition plaintiff testified as follows:

> Q.  Do you remember any discussions with anyone at
>     NorthShore of transferring you from NorthShore to

1

>                Charity Hospital in New Orleans?
>
> A.     Yes.  I don't remember the doctor's name.  I remember
>        him telling my mother, without no insurance or any kind
>        of, type of Medicaid, there wasn't nothing much he can
>        do besides transfer me.
>
> Q.     And you said you don't remember the name of the doctor
>        that said that?
>
> A.     No, sir.
>
> Q.     Can you describe the doctor?
>
> A.     All I remember is a white coat...
>
> Q.     And you're certain it was a doctor that had this
>        conversation with your mother?
>
> A.     Right...

(R. Doc. 70-8 at 11).  Defendants argued that the conversation was inadmissible hearsay.  Defendants specifically argued that the conversation was not an admission by a party-opponent by an employee or agent under Federal Rule of Evidence 801(d)(2)(D) since defendant could not specifically identify which doctor he overheard (R. Doc. 108 at 19).  The Court found that these statements were admissible as an admission by a party-opponent since the doctor, whether or not plaintiff could specifically identify him, was an employee of the hospital and since Dr. Terrell Hemelt had confirmed that he had such a conversation with plaintiff's mother.  (R. Doc. 123).

Defendants now request reconsideration of the Court's Order on its Omnibus Motion in Limine to exclude evidence. Specifically, defendants request reconsideration of the Court's order denying defendant's motion to exclude hearsay evidence.

**II. LEGAL STANDARD**

A district court has considerable discretion to grant or deny a motion for reconsideration. See *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. See *Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the

3

facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. Discussion**

　**A.　Agency**

Defendants claim that the statements of the doctor that plaintiff overheard are not an admission by a party-opponent since the doctor was not an employee or agent of NorthShore, but rather was an independent contractor.[1] An agency relationship can be express or de facto. *Stripling v. Jordan Production Co., LLC*, 234 F.2d 863, 870 (5th Cir. 2000). In order to demonstrate that a principal/agent relationship exists, it must be shown (1) that the principal indicated that the agent was acting for it, (2) that the agent acted or agreed to act on the principal's behalf, and (3) that the agent was subject to the principal's control. *See* Restatement (Second) of Agency § 1.

The Court finds that the doctor was an agent of the hospital

---

　　[1]Defendants did not assert this argument in their earlier motion in limine.

4

for purposes of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. The Fifth Circuit has held that, as to EMTALA, "hospital physicians who treat patients in fulfillment of their contractual responsibilities are the hospital's agents for purposes of such treatment." *Burditt v. U.S. Dep't of Health and Human Servs.*, 934 F.2d 1362, 1374 (5th Cir. 1991). The Fifth Circuit emphasized that "[b]ecause hospitals can act and know things only vicariously through individuals . . . any EMTALA violations by such a physician is also a violation by the hospital." *Id.* Further, for EMTALA purposes, the relationship between the hospital and its on-call physicians satisfies the agency test in the Restatement. The first two elements of the agency test are easily satisfied. NorthShore indicated that Dr. Hemelt was acting on its behalf when it accepted him as an active member of his medical staff in 2000, and Dr. Hemelt's acceptance of this position demonstrated that he intended to act on the hospital's behalf. (R. Doc. 69-3 at 6). Defendants' primary argument is that the third prong of the agency test is not satisfied, as the doctors are not subject to the hospital's control. (R. Doc. 125). While this may be true for medical malpractice claims, on- call physicians are subject to greater control for purposes of EMTALA. As an on-call physician for NorthShore, Dr. Hemelt was subject to NorthShore's extensive, nine-page list of policies and procedures for the

screening, stabilization, and transfer of individuals with emergency medical conditions. (R. Doc. 60-7). For instance, the policies and procedures provide that on-call physicians "shall respond to Hospital calls for emergency coverage within a reasonable time." (R. Doc. 60-7 at 6). Additionally, EMTALA holds a hospital directly liable for any EMTALA violations committed by a physician. The statute effectively mandates that hospitals exercise greater control over their on-call physicians in an effort to avoid liability. Accordingly, the physicians were agents of the hospital, and their statements were admissible under Federal Rule of Evidence 801(d)(2)(D).

### B. Indicia of Reliability

Defendants further contend that the statements in issue are not admissible since they do not possess the hallmark indicia of reliability or circumstantial guarantees of trustworthiness upon which all hearsay exceptions are fundamentally premised. The Court has not, however, admitted the statement pursuant to a hearsay exception in Federal Rule of Evidence 803 or 804. The Court found that the statements qualified as "statements which are not hearsay" under Federal Rule of Evidence 801(d). The hearsay statements that may be admitted pursuant to Rule 803 are allowed on the theory that the circumstances "possess circumstantial guarantees of trustworthiness." Fed. R. Evid. 803, Advisory Comm. Notes. Admissions by party-opponents,

however, are excluded from the category of hearsay "on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule...No guarantee of trustworthiness is required in the case of an admission." Fed. R. Evid. 801, Advisory Comm. Notes.  As such, whether the statements contain guarantees of trustworthiness is not relevant to their admissibility.  Of course, the fact-finder may consider these factors in evaluating the testimony.

    **C.**    **Confrontation**

Defendants also contend that admitting these statements deprives defendants of any opportunity to confront the unavailable participant in the conversation, the plaintiff's deceased mother.  Defendants claim that this deprives them of their fundamental due process right to cross-examine witnesses called to give testimony against them and calls into question the fundamental fairness of the trial process.

Defendants have cited no case to support their contention that they have a fundamental due process right to cross-examine a hearsay declarant.  As this is a civil trial, the Sixth Amendment Confrontation Clause does not apply, U.S. Const. Amend. VI., and thus defendants have no constitutional right to cross examine an adverse witness.  Further, allowing this conversation into evidence will not disturb the fundamental fairness of the trial

7

process. Defendants will have an opportunity to question Dr. Hemelt about the conversation, and defendants may also attack plaintiff's recollection of the conversation. As such, defendants will have ample opportunity to persuade the trier of fact that it should not accept plaintiff's testimony regarding the conversation.

### D. Proffered Evidence

Finally, defendants suggest that plaintiff has not submitted any evidence to this Court upon which the Court can determine that the physicians who treat patients at NorthShore are employees of NorthShore. As discussed, *supra*, the Court finds that regardless of whether the physicians are employees, the physicians are agents of the hospital for EMTALA purposes. Accordingly, the absence of evidence as to the physicians' employee status is irrelevant.

## IV. Conclusion

For the foregoing reasons, the Court DENIES defendants' Motion for Reconsideration.

New Orleans, Louisiana, this 4th day of August, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE